KALAEA aka TALAEA JENNINGS, et.al., Appellants,
v.
TAVAI, K.V. et.al., Appellee.

High Court of American Samoa
Appellate Division

AP No. 25-82

March 30, 1983

Before GARDNER, Chief Justice, presiding, KING*, Acting Associate Justice, WILKINS**, Acting Associate Justice, FAOA, Associate Judge, and

POUTOA, Associate Judge.

PER CURIAM.

Kalaea Jennings appeals a judgment filed on June 28th, 1982 respecting certain communal lands known as Gataivai in the village of Utulei, a portion of Fagatogo. Tavai Kaleopa is a senior Matai having pule over several lesser Matai's and over substantial parcels of land, at least including the land "Gataivai." See Nomaaea and Tavai Esera v. Lauulusa, 2 ASR 619 (1951).

This case began with an action for eviction filed by Plaintiff/Appellee on March 7, 1981. A hearing was held on March 29, 1982. The pertinent facts were not in dispute. Defendant/Appellant was at one time, in the absence of the Tavai senior Matai, given permission to use and build on the Tavai communal land by a lesser Matai of the Tavai family:

> The Court: Number 2 being received. Apparently, there's
> no dispute that the land is Gataivai. Is there any
> dispute that Gataivai is communal land of the Tavai
> family?
> Mr. Tuinei: To tell you the truth, your honor———
> The Court : It's always a good policy.
> Mr. Tuinei: My clients have been led all along ——— all these
> years that land was Laulusa land and they served that Matai
> and he executed the separation agreement.
> The Court : But there's no dispute that this communal land of ———
> that Gataivai is communal land of the Tavai family.
> You're claiming he has a separation and valid reasons
> to construct his house and it is with the permission
> of Matai Laulusa, is that right?
> Mr. Tuinei: Yes.
> Transcript of Trial Proceedings at 17.

It became apparent that the dispute at trial turned essentially upon whether defendant was abiding by the terms which authorized his use of the communal land. After more testimony the court recessed and directed counsel to chambers. The court did not reconvene as the matter was settled at that time. Transcript at 23. By minute entry of March 29, 1982, counsel were to meet and prepare a stipulated judgment to be filed by April 2, 1982. On April 2, the court signed the "stipulated judgment" which had been submitted by Plaintiff/Appellee. On April 5, 1982, the Court granted Defendant/Appellant's motion to set aside the judgment on the asserted grounds that it was not stipulated and did not represent the settlement agreement. By order of April 6, 1982, Defendant/Appellant was to submit an alternative judgment if counsel were unable to stipulate. On May 27, 1982, Defendant/Appellants filed their proposed judgement. By order of June 28, 1982, the court below rejected that judgment as being inconsistant with matters agreed upon by counsel at trial and entered judgment in accordance with the Judgment submitted by Plaintiff/Appellee on April 2, 1982.

Defendant/Appellant's Motions for a new trial or Judgement notwithstanding the verdict were denied on August 2, 1982. Defendant/Appellant noticed this appeal on August 10, 1982. It was timely prosecuted thereafter.

The issue on appeal is whether the court may properly enter judgement where the parties allege that they have settled the matter and therefter submit separate proposed findings.

Trial had begun and was recessed at the request of couunsel. Transcript at p. 23. Because counsel thereupon indicated to the court that

the matter had been settled it was not reconvened. At all times thereafter, until the entry of final judgment, neither party asserted that the settlement agreement had failed. Instead, counsel each submitted a proposed findings and judgment. It was an inherent implication of this procedure that the court would enter judgment that was consistant with the facts previously found and fair to the parties. It would have been impossible for the court to enter judgment consistant with both submissions.

We note that the pertinent aspects of the judgment appealed from are favorable to Defendant/Appellant. That judgment provides that the Jennings family will retain use of the land with all rights and privileges so long as they serve the Matai and refrain from conducting themselves in a disrespectful manner. Those requirements, and all other provisions of the judgment having legal significance were not disputed. It must be presumed that any conflicts that were presented were resolved in favor of the judgment. The record does not support a claim that it was clearly erroneous.

It is apparent, however, that this case does not present an appeal from a stipulated judgment. The court below had before it the pleadings of the parties. Both counsels indicated that the matter had been settled in accordance with facts elicited in the partial trial and oral representations made in chambers. Counsel, however, submitted separate proposed judgments. At that point, the court was actually considering cross motions for judgment on the pleadings which had been supplemented by matters outside the pleadings, hence, crossmotions for summary judgment. See Rule 56, Federal Rules of Civil Procedure. We find no error in the judgment thus entered.

Affirmed.

---------------------

*Honorable Samuel P. King, United States District Court Judge, District of Hawaii, sitting by designation of the Secretary of the Department of the Interior.